# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| Joycelyn Levert, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. |
| Ad Astra Recovery Services, Inc., a Nevada corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Joycelyn Levert, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Joycelyn Levert ("Levert"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed to Avio Credit, an on-line lender.

4. Defendant, Ad Astra Recovery Services, Inc. ("Ad Astra"), is a Nevada corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted

consumer debts that it did not originate. Ad Astra operates a defaulted debt collection business, and attempts to collect debts from consumers in many states, including consumers in the State of Alabama. In fact, Defendant Ad Astra was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Ad Astra is authorized to conduct business in the State of Alabama and maintains a registered agent within, <u>see</u>, record from the Alabama Secretary of State, attached as Exhibit <u>A</u>.  In fact, Defendant Ad Astra conducts business in Alabama.

## FACTUAL ALLEGATIONS

6. Due to financial difficulties, Plaintiff was unable to pay her debts, including a debt she allegedly owed to Avio Credit. Defendant Ad Astra attempted to collect this debt from her via a negative credit report.  Unsure about Ad Astra, and unsure of the debt, Ms. Levert consulted with counsel about her debt issues and the debt that Ad Astra was trying to collect.

7. Accordingly, Ms. Levert's attorney wrote to Defendant Ad Astra, via a letter dated May 11, 2020, to dispute the debt Ad Astra was trying to collect. A copy of this letter and fax confirmation is attached as Exhibit <u>B</u>.

8. On July 10, 2020, Ms. Levert obtained and reviewed copies of her TransUnion and Experian credit reports, which showed that Defendant Ad Astra had continued to report the debt, but had failed to note that the debt was disputed. The pertinent parts of Ms. Levert's TransUnion and Experian credit reports are attached as Group Exhibit <u>C</u>.

9. Defendant's violations of the FDCPA were material because Defendant's

failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit report impaired her credit rating and her ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that the debt was disputed made it appear to Plaintiff that she did not actually have the right to dispute the debt. Defendant's collection actions alarmed, confused and distressed Ms. Levert and impacted her credit score.

10.   All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11.   Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

## COUNT I
### Violation Of § 1692e Of The FDCPA – False or Misleading Representations

12.   Plaintiff adopts and realleges ¶¶ 1-11.

13.   Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Evans v. Portfolio Associates, 889 F.3d 337,

346 (7th Cir. 2018); <u>Sayles v. Advanced Recovery Systems</u>, 865 F.3d 246, 249-250 (5th Cir. 2017); and <u>Brady v. Credit Recovery</u>, 160 F.3d 64, 65 (1st Cir. 1998).

14. Defendant, by continuing to report the debt to credit reporting agencies, when it knew the debt was disputed by the consumer, and failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect a debt, in violation of § 1692e(8) of the FDCPA.

15. Defendant's violations of § 1692e(8) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, <u>see</u>, 15 U.S.C. § 1692f.

18. Defendant, by continuing to report the debt to credit reporting agencies, when it knew the debt was disputed by Plaintiff, and failing to report that the debt was disputed, used unfair or unconscionable means to collect, or attempt to collect, a debt, in violation of § 1692f of the FDCPA.

19. Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Joycelyn Levert, prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Levert, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Joycelyn Levert, demands trial by jury.

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

By: /s/ Bradford W. Botes_____
One of Plaintiff's Attorneys

Dated: July 14, 2020

David J. Philipps    (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps    (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Bradford W. Botes   (AL Bar No. ASB-1379043B)
Bond, Botes, Reese & Shinn, P.C.
15 Southlake Lane
Suite 140
Birmingham, Alabama 35244
(205) 802-2200
(205) 870-3698 (FAX)
bbotes@bondnbotes.com